**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRES SANCHEZ PATINO,** *Petitioner,* | : | |
| **v.** | : | **CIVIL NO. 26-7934** |
| **J. L. JAMISON et al.,** *Respondents.* | : | |

**Scott, J.** **October 21, 2026**

# MEMORANDUM

Petitioner Andres Sanchez Patino brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons below, the Court grants the petition and orders Petitioner's immediate release from detention.

## I. Background

Petitioner is a native of Venezuela who entered the United States on August 30, 2022. ECF No. 1 at 6. After entering the United States, Petitioner was detained and processed by the U.S. Department of Homeland Security ("DHS"), and DHS decided to release him on parole. *Id.* Thereafter, Petitioner proceeded to reside in Whitehall, Pennsylvania, with his aunt and cousins. *Id.* Petitioner also filed an asylum application with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* On or about October 14, 2026, DHS officials scheduled Petitioner for a check-in appointment at the Philadelphia field office. *Id.* DHS then detained Petitioner without prior notice, opportunity to contest his detention, or explanation why he was being re-detained. *Id.* at 6-7.

## II. Legal Standard

28 U.S.C. § 2241 confers jurisdiction upon the federal courts to review the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Under § 2241, a petitioner is entitled to relief if he or she is "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241(c)(3). The burden is on the petitioner to show that his or her confinement is unlawful. *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III. Discussion

### A. Petitioner Is Excused From Exhausting Administrative Remedies

It is undisputed that Petitioner was detained under Section 236 of the INA, 8 U.S.C. § 1226. Section 1226(a) of the INA permits ICE, pursuant to a warrant issued by the Attorney General, to "arrest[] and detain[] [an alien] pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). This provision and its implementing regulations also provide a two-step administrative process by which an alien may request review of a custody determination: (1) the detained noncitizen may request a bond redetermination hearing before an immigration judge; and (2) the noncitizen may appeal the immigration judge's bond decision to the Board of Immigration Appeals. *Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (citing 8 C.F.R. § 236.1(d)). The Government contends that Petitioner must exhaust this process before proceeding with this action in this Court. ECF No. 6 at 6.

It is true that, "[i]n general, [a petitioner] must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *Ubaid*, 2026 WL 1346670, at *3 (quoting *Pinet v. Holt*, 316 F. App'x 169, 171 (3d Cir. 2009) (per curiam)). Because, however, § 2241 contains "no [explicit] exhaustion requirement," *Callwood v. Enos*, 230. F.3d 627, 634 (3d Cir. 2000), exhaustion is a matter of courts' "sound judicial discretion." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). The Court may therefore excuse exhaustion where: (1) administrative remedies would be futile, (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

Exhaustion is excused here because "a later bond hearing does not necessarily cure the alleged constitutional deprivation that preceded it." *Dos Reis v. McShane*, No. CV 26-3775, 2026 WL 1746649, at *3 (E.D. Pa. June 17, 2026); *Hernandez v. Jamison*, No. 26-CV-7606, 2026 WL 3034460, at *2 (E.D. Pa. Oct. 9, 2026) (same); *Lopez-Abello v. Jamison*, No. 26-6752, 2026 WL 2981935, at *1 (E.D. Pa. Oct. 5, 2026) (same); *Medina v. Jamison*, No. CV 26-6800, 2026 WL 2742071, at *3 (E.D. Pa. Sept. 16, 2026) (same). Petitioner was detained at a routine check-in without notice or opportunity to contest the detention, and he alleges that this violated due process. A *later* bond hearing cannot cure the *initial* alleged deprivation of liberty. As such, exhaustion would be futile and the Court finds Petitioner's administrative remedies unavailable. Petitioner is therefore excused from exhausting those remedies.

**B. Petitioner's Detention Violates Due Process**

Count I of the Petition argues that Petitioner's detention violates procedural due process. ECF No. 1 at 24-25. The Due Process Clause of the Fifth Amendment prevents the government from depriving any person of "life, liberty, or property without due process of law." U.S. Const. amend. V. The Due Process Clause "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether an individual has been deprived of due process, courts weigh (1) the private interest at stake; (2) the risk of the erroneous deprivation of that interest and the probable value of procedural safeguards; and (3) the government's interest, including the administrative burden of providing those procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 331-32 (3d Cir. 2021) (applying *Mathews* to civil immigration detention context).

Here, the first *Mathews* factor weighs in favor of Petitioner because he has a substantial private interest in his continued liberty from detention. Freedom from physical confinement "lies

at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. This interest is even stronger given that Petitioner was previously detained and released on conditional parole. *See, e.g.*, *Medina v. Jamison*, No. CV 26-6800, 2026 WL 2742071, at *5 (E.D. Pa. Sept. 16, 2026) ("[Petitioner] has a substantial liberty interest in his continued freedom from detention" after "it released him on humanitarian parole in 2022, and it has repeatedly elected not to detain Petitioner until now despite consistent and regular contact with him.").

Regarding the second *Mathews* factor, the risk of an erroneous deprivation of Petitioner's liberty interest is high because he received no notice or process prior to his detention, which occurred during a regular check-in for which he voluntarily appeared. Moreover, the burden of providing additional procedural safeguards, such as a pre-deprivation hearing or evaluation, would be low because, presumably, the Government conducted such an evaluation in 2022 without issue and decided that Petitioner was fit for release on parole. There is nothing to indicate that Petitioner's circumstances changed between then and now such that Petitioner's liberty interest has weakened. Thus, the second *Mathews* factor also weighs in Petitioner's favor.

As for the third *Mathews* factor, the Court recognizes that the Government has a legitimate interest in immigration enforcement by detaining noncitizens who are at risk of absconding or who present a danger to the community. *See Dzehtisarou v. Mullin*, No. CV 26-5060, 2026 WL 2211392, at *6 (E.D. Pa. July 31, 2026) (citing *Zadvydas*, 553 U.S. at 690). Here, however, the Government previously determined that Petitioner was neither a flight risk nor a danger to the community, and the Government did not conduct an individualized determination of Petitioner's flight risk or dangerousness prior to the re-detention at issue.

Under these circumstances—where Petitioner was deemed fit for parole previously, has since developed ties with relatives and his community, has no criminal record, and has voluntarily

complied with all conditions of his parole—the Court finds no evidence that Petitioner is a flight risk or a danger to the community or that DHS made such a finding itself before re-detaining him, as due process requires. *Cf. Salinas Jaigua v. Jamison*, No. CV 25-7115, 2025 WL 3757076, at *3 (E.D. Pa. Dec. 29, 2025) ("[The petitioner] had previously entered the United States, was granted parole, and resided here for over three years. This Court raises the question, what has [he] done since his last check-in appointment before [the day of his arrest] to justify his detention without a hearing? Based on the facts as stated and, more importantly, conceded by the Respondents, he has done nothing."). The third *Mathews* factor therefore weighs in Petitioner's favor.

Accordingly, Petitioner's detention violates his right to procedural due process, and the appropriate remedy is release.[1]

## IV. Conclusion

For these reasons, the Court grants Petitioner's habeas petition and orders his immediate release. An appropriate Order follows.

[1] Because Petitioner is entitled to relief based on violation of his procedural due process rights, the Court declines to reach Petitioner's claims under substantive due process, the Administrative Procedure Act, or the *Accardi* doctrine.